IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DEBBIE BARAJAS, Individually and as the Representative of the Estate of BALDOMERO BARAJAS, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-15-CV-104 |
| UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, and RAFAEL RUIZ DE ESPARZA, | § § § § § | |
| Defendants. | § | |

## UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL

Pursuant to sections 1332, 1441(a), and 1446, Title 28 of the United States Code, Union Pacific Railroad Company ("Union Pacific") respectfully files this Notice of Removal, removing Cause No. 2015-DCV0852, *Debbie Barajas, Individually and as the Representative of the Estate of Baldomero Barajas, Deceased v. Union Pacific Railroad Company, Francisco Portillo, and Rafael Ruiz de Esparza*, from the 384th District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

### Relevant Background

1. Plaintiff Debbie Barajas, Individually and as the Representative of the Estate of Baldomero Barajas, Deceased ("Plaintiff"), who alleges she is a resident of Otero County, New Mexico, commenced this wrongful death and survival action against Union Pacific, Francisco Portillo ("Mr. Portillo"), and Rafael Ruiz de Esparza ("Mr. de Esparza") in the 384th District Court of El Paso County, Texas, Cause No. 2015DCV0852, on March 13, 2015. *See* Ex. A, State Court Record.

1

2. Plaintiff's wrongful death and survival action arises out of a collision, which occurred in Alamogordo, New Mexico, between a Union Pacific train and a Ford pickup truck operated by decedent Baldomero Barajas ("Mr. Barajas"), a New Mexico citizen at the time of the collision. *See generally* Ex. A, Pet.; Ex. B, Police Report.

3. Plaintiff alleges jurisdiction and venue are proper in the 384th District Court of El Paso County, Texas solely because Mr. Portillo and Mr. de Esparza, the engineer and conductor on the train involved in the collision, respectively, are citizens and residents of El Paso, Texas. *See* Ex. A, Pet. ¶¶ 3-4, 6.

4. Plaintiff alleges Union Pacific is a Delaware Corporation, *see id.* ¶ 2; Union Pacific's principal place of business is in Nebraska.

5. Plaintiff alleges she suffered mental shock, suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of Mr. Barajas's society, and economic losses, while Mr. Barajas suffered mental anguish and anticipation of death. *See id.* ¶¶ 44-45. Plaintiff also seeks punitive damages. *See id.* ¶ 46.

6. Union Pacific now timely files this Notice of Removal.

## Grounds for Removal

7. Subject matter jurisdiction exists in this case pursuant to section 1332, and therefore, removal of this case to federal court is proper because on the face of the Petition the amount in controversy exceeds $75,000.00 and diversity exists among the parties, as the citizenships of Mr. Portillo and Mr. de Esparza may be disregarded because Plaintiff has improperly joined them in this lawsuit, as set forth more fully below.

### A. The amount in controversy exceeds $75,000.00.

8. Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

9. On the face of the Petition Plaintiff seeks to recover in excess of $75,000.00, as Plaintiff seeks the following damages:

    a. wrongful death damages for mental shock and suffering, wounded feelings, grief, and sorrow;

    b. wrongful death damages for loss of companionship and deprivation of Mr. Barajas's society;

    c. survival damages for Mr. Barajas's mental anguish, including but not limited to the anticipation of death; and

    d. punitive damages.

*See* Ex. A, Pet. ¶¶ 44-46.

10. As Plaintiff seeks not only wrongful death damages, but survival damages and punitive damages, it is facially apparent the amount in controversy exceeds $75,000.00. *Cf. De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) (finding amount of controversy facially apparent because claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses exceeded amount in controversy, then in excess of $50,000).

11. The civil cover sheet Plaintiff filed in conjunction with her Petition indicates she seeks damages "[o]ver $1,000,000," supporting the fact she seeks in excess of $75,000.00. *See* Ex. A, Civil Case Information Sheet.

12. Therefore, the amount in controversy is satisfied.

**B.     Total diversity exists among the parties.**

13.     Diversity of citizenship is assessed at the time the lawsuit is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

14.     The citizenship of an individual is based on the individual's domicile. *See Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

15.     A legal representative of the estate of a decedent is deemed to be a citizen of the state of the decedent. *See* 28 U.S.C. § 1332(c)(2).

16.     The citizenship of a corporation is its state of incorporation and the state in which it has its principal place of business. *See id.* § 1332(c)(1).

17.     Total diversity of citizenship exists among the parties because Plaintiff's citizenship is diverse from the citizenship of Union Pacific, as (1) Plaintiff, individually and as personal representative of the Estate of Mr. Barajas (because Mr. Barajas was a New Mexico citizen), is a citizen of the state of New Mexico; and (2) Union Pacific is a citizen of the states of Delaware and Nebraska because, respectively, it is incorporated in Delaware and has its principal place of business in Nebraska.

18.     Because Mr. Portillo and Mr. de Esparza were improperly joined in this lawsuit because no individual claims may lie against them pursuant to New Mexico law, which controls this case, their citizenships may be disregarded for purposes of diversity.

19.     Improper joinder can be established either by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the improperly joined parties in state court. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

20. Pursuant to New Mexico's Common Carrier Wrongful Death Act, NMSA 1978, § 41-2-4, Plaintiff's exclusive remedy for any purported wrongful death damages arising from the alleged collision, Plaintiff cannot state claims against either Mr. Portillo or Mr. de Esparza as a matter of law because this provision does not permit an action to lie against them as engineer and conductor, respectively, of the train involved in the collision. Therefore, Mr. Portillo's and Mr. de Esparza's Texas citizenships may be disregarded for purposes of diversity and the forum- or local-defendant rule.

    a.    <u>Because there is a conflict of laws, the Court must apply Texas's choice of law rules.</u>

21. In diversity actions, the Court must apply state substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938); *Abraham v. State Farm Mut. Auto. Ins. Co.*, 465 F.3d 609, 611 (5th Cir. 2006). In deciding which state's substantive law governs a dispute, the Court must apply the choice-of-law rules of the state in which the action was filed, in this case Texas. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S. Ct. 1020 (1941); *Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 384 (5th Cir. 2005). Pursuant to Texas law, when presented with a choice of law, the Court must first determine whether there is a conflict between the laws of the jurisdictions whose law potentially controls, and when such a conflict presents itself, the Court must conduct a choice-of-law analysis to determine which state's law applies. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984).

22. New Mexico's Wrongful Death Act contains a specific provision, which applies to claims for wrongful death arising from the operation of locomotives. *See* NMSA 1978, § 41-2-4. Section 41-2-4 states in relevant part:

> Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee whilst running, conducting or managing any locomotive, car or train of

>     cars . . . the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, or engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive . . . at the time any injury is received from or occasioned by any defect, insufficiency, negligence, unskillfulness or criminal intent above declared, shall be liable in damages . . . .

*Id.*

23. Section 41-2-4 is Plaintiff's exclusive remedy for wrongful death damages arising from the alleged collision and does not permit individual claims against locomotive conductors, drivers, or engineers. *See id.*; *see also Schloss v. Matteucci*, 260 F.2d 16, 17 (10th Cir. 1958) ("[The New Mexico Court of Appeals] and New Mexico Supreme Court have construed this statute to exclude any liability of the negligent employee for the wrongful death.").

24. Texas's Wrongful Death Act does not include any provision comparable to NMSA 1978, Section 41-2-4 (1996). *Compare* 1978 NMSA, § 41-2-4 (limiting liability to corporations or individuals who employ engineers and drivers), *with* TEX. CIV. PRAC. & REM. CODE ANN. § 71.002 (including no such limitation).

25. Therefore, a conflict exists between Texas and New Mexico law with respect to the individual claims alleged against Mr. Portillo and Mr. de Esparza.

      b.    <u>New Mexico law applies to this case.</u>

26. Because there is a clear conflict between Texas and New Mexico law, the Court must apply Texas's "most significant relationship" test, as set forth in sections 6 and 145 of Restatement (Second) of Conflict of Laws, to resolve the question of whether New Mexico or Texas law will apply to Plaintiff's claims against Mr. Portillo and Mr. de Esparza. *See Gutierrez v. Collins*, 538 S.W.2d 312, 318 (Tex. 1979).

27. In applying the most significant relationship test, the Court must first identify the relevant state contacts. Section 145 of the Restatement (Second) instructs the Court to consider

the following contacts in determining which state possesses the most significant relationship: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. Restatement (Second) of Conflict of Laws §145; *Gutierrez*, 583 S.W.2d at 318-19.

28.     After identifying the relevant contacts, the Court must then analyze the contacts in light of the general principles enumerated in section 6 of the Restatement (Second). *See Gutierrez*, 583 S.W.2d at 318-19. These general principles are:

    (a)    the needs of the interstate and international systems,
    (b)    the relevant policies of the forum,
    (c)    the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
    (d)    the protection of justified expectations,
    (e)    the basic policies underlying the particular field of law,
    (f)    certainty, predictability and uniformity of result, and
    (g)    ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6.

29.     In addition, section 146, governing personal injuries, and section 175, governing wrongful death, of the Restatement (Second) create a presumption

> the local law of the state where the injury occurred determines the rights and liabilities of the parties, with respect to the particular issue, unless some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws §§ 146, 175. "The applicable law will usually be the local law of the state where the injury occurred." Restatement (Second) of Conflict of Laws § 156(2).

30.     Here, the collision and Mr. Barajas's death occurred in New Mexico. *See* Ex. A, Pet. ¶ 10. Plaintiff is a New Mexico resident, and Mr. Barajas was a New Mexico resident at the

7

time of his death. *Id*. ¶ 1; Ex. B, Police Report. The relationship between Plaintiff and/or the deceased and Union Pacific, if one existed, was centered in New Mexico because the railroad crossing at issue in Plaintiff's Petition is located entirely in New Mexico, and the collision occurred wholly in New Mexico. *See* Ex. A, Pet. ¶¶ 10-11. The only contact this case has with Texas is the fact Mr. Portillo and Mr. de Esparza are Texas residents, although both were working in New Mexico at the time of the collision. *See id*. ¶¶ 3-4.

31.    Nearly all the contacts the Court must consider pursuant to the Restatement (Second) anchor the case to New Mexico.

32.    Furthermore, a New Mexico plaintiff bringing a wrongful death claim arising from a collision occurring wholly in New Mexico on behalf of a decedent, who was a New Mexico resident, should also have the expectation New Mexico law will apply to her case.

33.    Moreover, New Mexico law also provides the obligations and responsibilities of the driver/decedent, Mr. Barajas, to avoid the collision. *See* NMSA 1978, § 66-7-341 (2003).

34.    As New Mexico has the most — and only — significant relationship to the collision and parties, New Mexico law, including NMSA 1978, Section 41-2-4, applies to this case.

        c.    <u>As a matter of law, Plaintiff cannot state a claim against Mr. Portillo and Mr. de Esparza under NMSA 1978, Section 41-2-4.</u>

35.    As this is an action involving death allegedly caused by a locomotive, NMSA 1978, Section 41-2-4 applies to Plaintiff's claims for wrongful death. *See Tilly v. Flippin*, 237 F.2d 364, 366-67 (10th Cir. 1956); *Stinbrink v. Farmers Ins. Co. of Ariz.*, 111 N.M. 179, 182, 803 P.2d 664, 667 (1990); *In re Reily's Estate*, 62 N.M. 352, 357-58, 319 P.2d 1069, 1072-73 (1957).

36. NMSA 1978, Section 41-2-4 provides Plaintiff's exclusive remedy for any purported wrongful death damages arising from the alleged collision and does not permit Plaintiff to allege claims against the conductor, driver, or engineer — in this case Mr. Portillo and Mr. de Esparza. *See* NMSA 1978, § 41-2-4; *see Tilly*, 237 F.2d at 366-67; *see also Langham v. Beech Aircraft Corp.*, 88 N.M. 516, 518, 543 P.2d 484, 486 (1975) (finding airplane manufacturer could not be sued under NMSA 1978, § 22-20-4).

37. Hence, Plaintiff cannot state claims against Mr. Portillo and Mr. de Esparza pursuant to NMSA 1978, Section 41-2-4 as a matter of law.

38. Because Plaintiffs cannot state claims against Mr. Portillo and Mr. de Esparza as a matter of law, neither Mr. Portillo nor Mr. de Esparza is a party in interest properly joined and served as a defendant in this action. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006); 28 U.S.C. § 1441(b)(2).

39. As improperly joined defendants, the Court may disregard Mr. Portillo's and Mr. de Esparza's citizenship for purpose of subject matter jurisdiction and for purposes of the forum- or local-defendant rule.  *See* 28 U.S.C. § 1441(b)(2); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004).

40. Notwithstanding their improper joinder, total diversity exists because Mr. Portillo and Mr. de Esparza are citizens of the state of Texas, while Plaintiff is a New Mexico citizen; hence, even if Mr. Portillo and Mr. de Esparza had been properly joined in this lawsuit, which is expressly denied, total diversity exists.

**Proper Venue and Compliance with Removal Procedure**

41. Removal of this matter to federal court is timely, as Union Pacific has removed this matter within thirty days of being served with a copy of Plaintiff's Petition, the point at

which this matter became removable, *see* 28 U.S.C. § 1446(b), and within one year of the commencement of this action, *see id.* § 1446(c)(1).

42. Prompt written notice of the filing of this Notice of removal will be given to Plaintiff, and copies of this Notice of Removal have been served on counsel for Plaintiff and filed with the Clerk of the District Court of El Paso County, Texas. *See id.* § 1446(d).

43. Pursuant to section 1441(a), removal to this Court is proper as the district and division embracing the place where the state action is pending; however, because the collision occurred in Alamogordo, New Mexico and for the convenience of the parties and witnesses and in the interest of justice, Union Pacific intends to request the Court to transfer this matter to the United States District Court for the District of New Mexico.

44. Although Mr. Portillo and Mr. de Esparza are not parties in interest properly joined and served as defendants in this matter, Mr. Portillo and Mr. de Esparza, reserving all rights, consent to the removal of this action to federal court in accordance with section 1446. *See id.* § 1446(b)(2)(A).

45. True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a). *See* Ex. A, State Court Record.

Accordingly, Union Pacific Railroad Company, pursuant to and in conformity with the requirements set forth in section 1446, respectfully removes Cause No. 2015DCV0852 from the 384th District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

*/s/ John W. Proctor*
JOHN W. PROCTOR
State Bar No. 16347300
BROWN, DEAN, WISEMAN, PROCTOR,
HART & HOWELL, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas  76102
Telephone:   (817) 332-1391
Facsimile:   (817) 870-2427
Email:   jproctor@browndean.com

**ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via email and/or facsimile and/or e-service to the following counsel of record on this the 9th day of April, 2015.

Kevin Glasheen
GLASHEEN, VALLES & INDERMAN, L.L.P.
1302 Texas Avenue
P. O. Box 1976
Lubbock, Texas  79408
Fax:  806.763.2146
Email:  kevin7@glasheenlaw.com


*/s/ John W. Proctor*
John W. Proctor