# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2015DCV0852

| | |
|---|---|
| DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED) VS UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA | §<br>§<br>§<br>§<br>§ |

Case Type: **Other Injury or Damage**
Date Filed: **03/13/2015**
Location: **384th District Court**

---

### PARTY INFORMATION

|  |  |  | Lead Attorneys |
|---|---|---|---|
| Defendant | Portillo, Francisco | | |
| Defendant | Ruiz de Esparza, Rafael | | |
| Defendant | The Union Pacific Railroad Company | | |
| Plaintiff | Barajas, Debbie | | **KEVIN T GLASHEEN**<br>*Retained*<br>806-741-0284(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | | |
|---|---|---|---|---|
| 03/13/2015 | **Original Petition (OCA)**     Doc ID# 1 | | | |
| 03/13/2015 | **Case Information Sheet**     Doc ID# 2 | | | |
| 03/13/2015 | **E-File Event Original Filing** | | | |
| 03/13/2015 | **Jury Demand**     Doc ID# 3 | | | |
| 03/16/2015 | **Interrogatories**     Doc ID# 4 | | | |
| 03/18/2015 | **Citation** | | | |
| | | The Union Pacific Railroad Company | Served | 03/23/2015 |
| | | | Response Due | 04/13/2015 |
| | | | Returned | 03/25/2015 |
| 03/18/2015 | **Citation** | | | |
| | | Ruiz de Esparza, Rafael | Served | 03/26/2015 |
| | | | Response Due | 04/20/2015 |
| | | | Returned | 03/27/2015 |
| | | Portillo, Francisco | Served | 03/20/2015 |
| | | | Response Due | 04/13/2015 |
| | | | Returned | 03/24/2015 |
| 03/25/2015 | **Request**     Doc ID# 5 | | | |
| 03/27/2015 | **Citation** | | | |
| | | The Union Pacific Railroad Company | Unserved | |

El Paso County - 384th District Court

**CIVIL CASE INFORMATION SHEET**

Filed 3/13/2015 1:29:13 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0852

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **Debbie Barajas v. Union Pacific Railroad Company, et al**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:<br>**Kevin Glasheen**<br><br>Email:<br>kevin7@glasheenlaw.com | Plaintiff(s)/Petitioner(s):<br><br>**Debbie Barajas** | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>**1302 Texas Ave.**<br><br>Telephone:<br>**806-741-0284** | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>**Lubbock, TX 79401**<br><br>Fax:<br>**806-329-0595** | Defendant(s)/Respondent(s):<br><br>**Union Pacific Railroad Company**<br>**Franciso Portillo**<br>**Rafael Ruiz De Esparza** | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br>**/s/ Kevin Glasheen**<br><br>State Bar No:<br>**08001510** | [Attach additional pages as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

|  | Civil | | | Family Law | |
|---|---|---|---|---|---|
| | **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions**<br>**(non-Title IV-D)** |
| | *Debt/Contract*<br>☐Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>*Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☒Construction<br>☐Defamation<br>*Malpractice*<br>☐Accounting<br>☐Legal<br>☐Medical<br>☐Other Professional<br>  Liability:<br><br>☒Motor Vehicle Accident<br>☒Premises<br>*Product Liability*<br>☐Asbestos/Silica<br>☐Other Product Liability<br>  List Product:<br><br>☒Other Injury or Damage: | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>☐With Children<br>☐No Children<br><br>**Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Paternity/Parentage<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| | **Employment** | | **Other Civil** | | |
| | ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| | **Tax** | | **Probate & Mental Health** | | |
| | ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☒Over $1,000,000

A TRUE COPY I CERTIFY
NORMA L. FAVELA, District Clerk
By _____
Deputy

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of thirty eight days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **THE UNION PACIFIC RAILROAD COMPANY**, which may be served with process by serving its registered agent, CLIFFORD K. ATKINSON, 201 THIRD STREET NW, SUITE 1850, ALBUQUERQUE, NEW MEXICO 87102.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of thirty eight days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 13th day of March, 2015, by Attorney at Law KEVIN T GLASHEEN 1302 TEXAS AVENUE, P.O. BOX 1976 LUBBOCK, TX 79408 in this case numbered **2015DCV0852** on the docket of said court, and styled:

**DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED)**
**VS**
**UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Plaintiffs' Combined Interrogatories and Request for Production Concerning Recording Devices to Defendant Union Pacific Railroad Company accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of March, 2015.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

By _MLicerio_ , Deputy
Melissa Licerio

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the <u>on this the 18th day of March, 2015</u> at 2:45 PM I mailed to:

THE UNION PACIFIC RAILROAD COMPANY, REGISTERED AGENT CLIFFORD K. ATKINSON, 201 THIRD STREET NW, SUITE 1850, ALBUQUERQUE, NEW MEXICO 87102

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Plaintiffs' Combined Interrogatories and Request for Production Concerning Recording Devices to Defendant Union Pacific Railroad Company attached thereto.

| *NAME OF PREPARER | | TITLE | |
|---|---|---|---|
| ADDRESS | | | |
| CITY | STATE | | ZIP |

_MLicerio_
_Office Specialist_
TITLE

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By _Rosa Mary Duce_
Deputy

APR 07 2015

## RETURN OF SERVICE

Delivery was completed on this the <u>18th day of March, 2015</u>, delivered to <u>The Union Pacific Railroad Company</u> as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

  The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

  This forwarding address was provided:_____

ARTICLE NO. : 71124369468032702407

SENT TO:  The Union Pacific Railroad Company, Registered Agent Clifford K Atkinson,  201 Third Street NW, Suite 1850, Albuquerque NM, 87102.

El Paso County, Texas

By:___Melissa Licerio____
Deputy District Clerk

OR

_____
Name of Authorized Person

DATE SENT: 03/18/2015

By:_____

SENDER'S NAME: Melissa Licerio

THIS ENVELOPE CONTAINS:  Petition and Plaintiffs' Combined Interrogatories and Request for Production Concerning Recording Devices to Defendant Union Pacific Railroad Company

## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

  Before me, a notary public, on this day personally appeared_____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of the fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of thirty eight days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **THE UNION PACIFIC RAILROAD COMPANY**, which may be served with process by serving its registered agent, CLIFFORD K. ATKINSON,  201 THIRD STREET NW, SUITE 1850, ALBUQUERQUE, NEW MEXICO 87102.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of thirty eight days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 13th day of March, 2015, by Attorney at Law KEVIN T GLASHEEN 1302 TEXAS AVENUE, P.O. BOX 1976 LUBBOCK, TX 79408 in this case numbered **2015DCV0852** on the docket of said court, and styled:

DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED)

VS

UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Plaintiffs' Combined Interrogatories and Request for Production Concerning Recording Devices to Defendant Union Pacific Railroad Company accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of March, 2015.

Attest:  NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

_____, Deputy
Melissa Licerio

**ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE**

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the <u>on this the 18th</u> day of <u>March</u> 2015 at 2:45 PM I mailed to: THE UNION PACIFIC RAILROAD COMPANY, REGISTERED AGENT CLIFFORD K. ATKINSON, 201 THIRD STREET NW, SUITE 1850, ALBUQUERQUE, NEW MEXICO 87102

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Plaintiffs' Combined Interrogatories and Request for Production Concerning Recording Devices to Defendant Union Pacific Railroad Company attached thereto.

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

APR 07 2015

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____
Deputy

## RETURN OF SERVICE

Delivery was completed on this the <u>18th day of March, 2015</u>, delivered to <u>The Union Pacific Railroad Company</u> as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

      This forwarding address was provided:_____

ARTICLE NO. : 71124369468032702407

SENT TO:  The Union Pacific Railroad Company,
Registered Agent Clifford K Atkinson, 201 Third Street
NW, Suite 1850, Albuquerque NM, 87102.

El Paso County, Texas

By:___Melissa Licerio_____
     Deputy District Clerk

OR

_____
Name of Authorized Person

DATE SENT: 03/18/2015

By:_____

SENDER'S NAME: Melissa Licerio

THIS ENVELOPE CONTAINS:  Petition and Plaintiffs'
Combined Interrogatories and Request for Production
Concerning Recording Devices to Defendant Union Pacific
Railroad Company

## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day
of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk

By_____ Deputy

APR 0 7 2015

## CERTIFIED MAIL RECEIPT

|  |  |
|---|---|
| **CAUSE NO. :** | 2015DCV0852 |
| **ARTICLE NO. :** | 71124369468032702407 |
| **SENT TO:** | The Union Pacific Railroad Company |
| **POSTAGE:** | $0.42 |
| **FEE:** | $2.70 |
| **RETURN RECEIPT FEE:** | $2.20 |
| **DATE SENT:** | 03/18/2015 |
| **SENDER'S NAME:** | Melissa Licerio |
| **THIS ENVELOPE CONTAINS:** | Petition and Plaintiff's Combined Interrogatories and Request for Production Concerning Recording Devices to Defendant Union Pacific Railroad Company |



A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____
Deputy

APR 07 2015

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **UNION PACIFIC RAILROAD COMPANY**, which may be served with process by serving its registered agent, CLIFFORD K. ATKINSON, 201 THIRD STREET NW, SUITE 1850, ALBUQUERQUE, NEW MEXICO, 87102.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Request for Admissions Regarding Federal Funding at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Request was filed in said court on the 25th day of March, 2015, by Attorney at Law KEVIN GLASHEEN, 1302 TEXAS AVENUE, PO BOX 1976, LUBBOCK, TX 79408 in this case numbered **2015DCV0852** on the docket of said court, and styled:

**DEBBIE BARAJAS, INDIVIDUALLY AND AS THE SURVIVOR AND WIFE OF BALDOMERO BARAJAS (DECEASED)**
**VS**
**UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Requests for Admissions Regarding Federal Funding accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 27th day of March, 2015.

Attest:  NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 10
El Paso, Texas 79901

Melissa Licerio _____, Deputy

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on this the 27th day of March, 2015 at 11:41 AM I mailed to:

UNION PACIFIC RAILROAD COMPANY
CLIFFORD K. ATKINSON
201 THIRD STREET NW, SUITE 1850
ALBUQUERQUE, NM 87102

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Requests for Admissions Regarding Federal Funding attached thereto.

_____
Office Special _____
TITLE

| | |
|---|---|
| *NAME OF PREPARER | TITLE |
| ADDRESS | |
| CITY | STATE | ZIP |

## RETURN OF SERVICE

Delivery was completed on this the 27<u>th</u> day of March, 2015, delivered to <u>Union Pacific Railroad Company, Clifford K.</u> <u>Atkinson, 201 Third Street NW, Suite 1850, Albuquerque, NM 87102</u> as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

      This forwarding address was provided:_____

ARTICLE NO. : 71124369468032702469

SENT TO:

POSTAGE: $0.37
FEE: $2.30
RETURN RECEIPT FEE: $1.75

DATE SENT: 03/27/2015

SENDER'S NAME: MELISSA LICERIO

THIS ENVELOPE CONTAINS: REQUESTS FOR
ADMISSIONS REGARDING FEDERAL FUNDING

El Paso County, Texas

By:_____
        Deputy District Clerk

OR

_____
     Name of Authorized Person

By:_____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **RAFAEL RUIZ DE ESPARZA,** who may be served with process at **12682 RIO NEGRO ROAD, CLINT, TX 79836 or wherever he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 13th day of March, 2015, by Attorney at Law, KEVIN T GLASHEEN, 1302 TEXAS AVENUE P.O. BOX 1976, LUBBOCK, TX 79408 in this case numbered **2015DCV0852** on the docket of said court, and styled:

**DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED)**
**VS**
**UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of March, 2015.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _____ NORMA L. FAVELA _____ District Clerk
El Paso County, Texas

By: _____, Deputy
Melissa Licerio

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

APR 0 7 2015

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By _____
Deputy

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock
____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|----|----|------|----|----|----|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____ _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____ By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

NOTARY PUBLIC, STATE OF TEXAS

## RETURN

Came on hand on ___19th___ day of ___March___, 20_15_, at _5:00_ o'clock _P_.M., and executed in ___El Paso___ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | Place, and Course and Distance |
| | MONTH | DAY | YEAR | Hour | Min. | From Court House |
|---|---|---|---|---|---|---|
| Rafael Ruiz de Elspazza | 3-26-2015 | | | 6:40 | P.M. | 1580 George Dieter parking lot |
| | | | | | | |
| | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   _____ Sheriff

_____ County, Texas

Total _____ $ _____ By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _Rafael Ruiz De Espazza at_ , _1580 George Dieter, El Paso Texas_ on the _26th_ day of _March_ , 20_15_, at _6:40_ o'clock _P_ m. this copy of this instrument.

_____ _SAH-3616_ , ~~Sheriff~~/Agent

_El Paso_ County, Texas

By _Kathryn Ann Aziz_ ~~Deputy~~/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE _27_ DAY OF _March_ , 20_15_.

(SEAL) SARAH ACOSTA
Notary Public, State of Texas
My Commission Expires
September 09, 2017

NOTARY PUBLIC, STATE OF TEXAS

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By _____
Deputy   APR 07 2015

3-26-15

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   RAFAEL RUIZ DE ESPARZA, who may be served with process at **12682 RIO NEGRO ROAD, CLINT, TX 79836 or wherever he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 13th day of March, 2015, by Attorney at Law, KEVIN T GLASHEEN, 1302 TEXAS AVENUE P.O. BOX 1976, LUBBOCK, TX 79408 in this case numbered **2015DCV0852** on the docket of said court, and styled:

**DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED)**
**VS**
**UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of March, 2015.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _____**NORMA L. FAVELA**_____ District Clerk
El Paso County, Texas

By:_____
Melissa Licerio

Rule 106: "-the citation shall be served by delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO:   FRANCISCO PORTILLO,** who may be served with process at **206 HERMOSA, EL PASO, TX 79912 or wherever he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 13th day of March, 2015, by Attorney at Law, KEVIN T GLASHEEN, 1302 TEXAS AVENUE P.O. BOX 1976, LUBBOCK, TX 79408 in this case numbered **2015DCV0852** on the docket of said court, and styled:

**DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED)**
**VS**
**UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of March, 2015.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest: _____NORMA L. FAVELA_____ District Clerk
El Paso County, Texas

By: _____
Melissa Licerio

Rule 106: "-the citation shall be served by delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____
Deputy

APR 07 2015

## RETURN

Came on hand on _____ day of _____, 20_____, at _____ o'clock
_____M., and executed in _____ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | .M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ cop _____ $ _____   _____ Sheriff

_____ _____ County, Texas

Total _____ $ _____   By _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock _____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

(SEAL)

_____

NOTARY PUBLIC, STATE OF TEXAS



**RETURN**

Came on hand on ___17th___ day of ___March___ ___, 2015, at 5:00 o'clock
__.M., and executed in ___El Paso___ ___ County, Texas, by delivering to
each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon
the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Original
Petition, at the following times and places, to-wit:

| NAME | MONTH | DATE DAY | YEAR | Hour | TIME Min. | .M. | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| Francisco Portillo | 3 | 20 | 2015 | 8 | 20 | P | 206 Hermosa El Paso Tx |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

the diligence used in finding said defendant, being _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ cop ____ $ _____   _____ Sheriff

County, Texas

Total _____ $ _____   By _____ Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to ___Francisco Portillo___
_____ on the __20th__ day of ___March___,
20_15_, at _8:20_ o'clock _P_ m. this copy of this instrument.

_KBA_ ___SAH-3616___ Sheriff/Agent
___El Paso___ County, Texas
By ___Kathryn Ann Aziz___ Deputy/Agent

SUBSCRIBED AND SWORN TO BEFORE ME ON THE __24__ DAY OF ___March___, 20 _15_

(SEAL)

NOTARY PUBLIC, STATE OF TEXAS

SARAI C. ACOSTA
Notary Public, State of Texas
My Commission Expires
September 09, 2017

APR 07 2015

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By _____
Deputy

DISTRICT COURTS
EL PASO COUNTY, TEXAS

3-20-15

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:   **FRANCISCO PORTILLO,** who may be served with process at **206 HERMOSA, EL PASO, TX 79912 or wherever he/she may be found.**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **384th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the this the 13th day of March, 2015, by Attorney at Law, KEVIN T GLASHEEN, 1302 TEXAS AVENUE P.O. BOX 1976, LUBBOCK, TX 79408 in this case numbered **2015DCV0852** on the docket of said court, and styled:

**DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED)**
**VS**
**UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 18th day of March, 2015.

CLERK OF THE COURT

**NORMA L. FAVELA**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   _____NORMA L. FAVELA_____ District Clerk
El Paso County, Texas

Mucerio
Melissa Licerio

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

El Paso County - 384th District Court

Filed 3/13/2015 1:29:13 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0852

CAUSE NO. _____

| | |
|---|---|
| DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED), | § § § § § |
| PLAINTIFF. | § § |
| v. | § § |
| UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA, | § § § § |
| DEFENDANTS. | § § § § |

IN THE DISTRICT COURT

OF

EL PASO COUNTY, TEXAS

## <u>PETITON</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Debbie Barajas, Individually and as Representative of the Estate of Baldomero Barajas, complaining of Defendants Union Pacific Railroad Company, Francisco Portillo, and Rafael Ruiz-De-Esparza, and for such cause of action would respectfully show the Court as follows:

### I.    <u>PARTIES</u>

1.    Debbie Barajas is an individual and resident of Otero County, New Mexico and is the widow of Baldomero Barajas.

2.    The Union Pacific Railroad Company (also referred to herein as "Defendant Railroad"), is a for-profit corporation under the laws of the State of Delaware. It is authorized to conduct business in the State of New Mexico and m[...]

1

served with process through its designated Registered Agent:  Clifford K. Atkinson, 201

Third Street NW, Suite 1850, Albuquerque, New Mexico 87102.

3.     Defendant Francisco Portillo is an employee of Defendant Union Pacific

Railroad Company. Defendant Portillo is a citizen and resident of the State of Texas, who

resides at 206 Hermosa, El Paso, Texas, 79912, in El Paso County, Texas, where he may

be served with process.  Francisco Portillo was the engineer on the train involved in the

accident giving rise to this litigation.

4.     Defendant Rafael Ruiz de Esparza is an employee of Defendant Union

Pacific Railroad Company.  Defendant Ruiz de Esparza is a citizen and resident of the

State of Texas, who resides at 12682 Rio Negro Road, Clint, Texas, in El Paso County,

Texas, where he may be served with process. Rafael Ruiz de Esparza was the conductor

on the train involved in the accident giving rise to this litigation.

5.     At all times pertinent hereto, all employees of the Defendant Railroad

were acting in their individual capacity and also as agents of Defendant Railroad, within

the scope and authority of their employment, and in the furtherance of the business of

Defendant Railroad.  All acts and omissions of the employees of the Defendant Railroad

are imputed to their employer, who is liable for such acts and omissions, as well as

rendering the individual Defendants liable in their individual capacities.

### III.    JURISDICTION AND VENUE

6.     Jurisdiction and venue are proper in this Court as Defendants Portillo and

Ruiz de Esparza are citizens and residents of El Paso County, Texas.

7.     The amount of the Plaintiff's damages are substantial and well in excess of

the jurisdictional minimums of this Court. Many elements of damage, including

2

suffering and mental anguish in the past and future, past and future physical impairment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate Plaintiff. However, Plaintiff seeks monetary damages exceeding the limits set out in TEX. R. CIV. P. 47(c)(1) and affirmatively pleads that the monetary damages sought will fall within the limits set out in TEX. R. CIV. P. 47(c)(5). Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

     8.     As to Defendant Union Pacific Railroad Company, pursuant to 49 U.S.C. § 20106, this case is appropriately brought in state court rather than federal court. Plaintiff reserves the right to amend this petition as needed to further establish why this case is appropriately brought in this Court.

     9.     All allegations herein related to Defendant Railroad are based upon and should be interpreted to state causes of action seeking damages under state law for personal injury, death, or property damage, based upon one or more of the following:

    A. Defendant Railroad has failed to comply with the Federal standard of care established by regulations and/or orders issued by the Secretary of Transportation (with respect to railroad safety matters), or the Secretary of Homeland Security (with respect to railroad security matters), covering the subject matter as provided in subsection (a) of 49 U.S.C. § 20106;

    B. Defendant Railroad has failed to comply with its own plans, rules, standards that Defendant Railroad created pursuant to a regulation or o

3

issued by either of the Secretaries; or

C. Defendant Railroad has failed to comply with State laws, regulations, and orders that conform with subsection (a)(2) of 49 U.S.C. § 20106.

## IV.   COLLISION DESCRIPTION

10.     On March 15, 2013, at approximately 9:14 a.m., Baldomero Barajas was traveling west on US Highway 54.  At the intersection of US Highway 54 and Taylor Ranch Road, Mr. Barajas turned south and proceeded to drive on Taylor Ranch Road at approximately 25 mph.  Mr. Barajas was driving a 2011 Ford pickup truck, a Home Service Contractors company vehicle.  At the same time, a Union Pacific Railroad locomotive was traveling west on the tracks at approximately 61 mph.  The train collided with the left side (driver's side) of Mr. Barajas' vehicle at United States DOT #741904N. Upon impact, Mr. Barajas was killed.

## V.   CROSSING DESCRIPTION

11.     Taylor Ranch Road intersects with US Highway 54. When a motorist turns south on Taylor Ranch Road from US Highway 54, the motorist will cross over a cattle guard and travel up an incline before reaching the railroad tracks.  The crossing is identified as US DOT #741904N and is a public at grade crossing with a single mainline track (hereinafter "Taylor Ranch Crossing").  The road leading up to the Taylor Ranch Crossing is a two lane asphalt road.  The crossing surface is a prefabricated concrete slab. The Taylor Ranch Crossing has crossbucks (white x's that say "railroad crossing"), a yield sign, and pavement markings. The Taylor Rach Crossing is not equipped with any active warning devices, such as lights and gates.

4

## VI.   CAUSES OF ACTION

12.    Defendants have a duty to exercise reasonable care to avoid injuring or killing members of the public.  In this case Defendants breached their duty by failing to exercise reasonable care.  As a direct proximate result of the Defendants' breach of this duty, Plaintiff suffered damages, as alleged hereafter.   All acts or omissions of Defendants constitute negligence, gross negligence, willful and wanton conduct, recklessness, intentional conduct, and demonstrate a reckless and intentional disregard for the safety of the motoring public.

### Negligence and Fault of Defendant Railroad

13.    The public has come to rely upon the following three basic components as essential to railroad crossing safety:  a) reasonable and timely audible warning of an approaching train, b) reasonable and timely visual warning of an approaching train, and c) a safe place to cross the tracks.  Defendant Railroad has actively worked to instill these fundamental beliefs into the motoring public.  In this case none of these three basic components were provided to the driver prior to the accident.

14.    Defendant Railroad has a duty to exercise reasonable care in the operation of its trains so as to avoid injuring or killing members of the public.  In this case, Defendant Railroad breached its duty by its failure to exercise reasonable care in the operation of trains over this crossing, failure to properly maintain the crossing environment and failure to provide adequate warning of the approaching train.

### Inadequate Audible Warning

15.    The Collision described in this Petition is a direct and proximate result of the negligence of the Defendant's Railroad, Portillo, and Ruiz de Esparza:

5

a. In failing to give a reasonable and timely audible warning of the train's approach;

b. In failing to ensure the horn on the locomotive involved in the Collision comply with the audibility requirements of 49 C.F.R. § 229.129;

c. Defendant Railroad and its crew breached their duty to give reasonable and timely warning of the train's approach by failing to give a proper audible warning;

d. In failing to provide the driver sufficient audible warning of the train's approach prior to this accident;

e. In failing to ensure that the train horn was properly sounded to warn of the train's approach to Taylor Ranch Crossing, to be "properly sounded" the horn must not only be loud enough, it must be blown in the correct sequence and for a sufficient duration;

f. In failing to use an emergency horn sequence;

g. In failing to advise or instruct its employees about the deficiencies in train mounted audible warning systems, the safety issues cause by those problems, and the proper horn activation. Defendant Railroad has known the inherent problems with this type of train mounted audible warning systems for over 25 years and done nothing to resolve those problems or otherwise compensate for the safety deficiencies caused by those problems;

h. In failing to investigate or punish horn violations, monitor for insufficient horn activation, or otherwise attempt to accurately document such violations.

16.    Defendant Railroad has knowledge that its crews do not properly sound the horn consistently, but has chosen not to investigate or punish horn violations, monitor for insufficient horn activation or otherwise attempt to accurately document these violations. Instead, Defendant Railroad has intentionally misrepresented the extent of the problem by publishing false and misleading information concerning the nature and extent of the problem. As a result, its train crews are aware that the railroad condones horn violations. It is the routine practice of Defendant Railroad to ignore violations of horn rules at grade crossings. Accordingly, Defendant Railroad breached its duties.

6

17.     The investigation of this accident has revealed no evidence that the driver of the motor vehicle was provided an adequate audible warning from the train prior to the accident. The driver was physically unable to hear the train horn in sufficient time to react and avoid the accident, and no fault should be assessed to the driver for not hearing and responding to such an inaudible warning.

**Inadequate Visual Warning**

18.     Defendant Railroad breached its duty to give reasonable and timely warning of the train's approach by failing to provide for an adequate visual warning.

19.     Defendant Railroad has the common law duty to use ordinary care to maintain crossings over all public highways in such a manner that it shall be safe for travelers. This common law duty requires the Defendant Railroad to clear visibility obstructions to provide motorists with an adequate view down the track in both directions.

20.     Defendant Railroad's own standards and the railroad industry standards create a common law duty for the Defendant to clear visibility obstructions to provide motorists with an adequate view down the track in both directions.

21.     The Collision described in this Petition is a direct and proximate result of the negligence of the Defendant Railroad:

  a. In failing to give reasonable and timely visual warning of the train's approach;

  b. In failing to provide the illumination of headlights and auxiliary lights in compliance with 49 C.F.R. § 229.125 and in failing to provide unimpaired sight distances for motorists to see those headlights and auxiliary lights;

  c. In failing to clear visibility obstructions from its own right-of-way;

  d. In failing to provide adequate approach sight distances to provide approaching driver with an unimpaired sight distance down the road to

7

determine the location of the crossing, its condition, the type of warning devices and whether it is or soon will be occupied by a train;

e.  In failing to take reasonable steps to provide motorists with adequate sight triangles or to warn of their inadequacy, including but not limited to failing to report the inadequate sight triangles and/or failing to work with local road authorities to address this condition;

f.  In failing to properly train its employees to recognize safety hazards caused by visibility obstructions and in condoning its employees' failures to report such hazards;

g.  In failing to correct the safety hazards, denying the extent of the problem, and refusing to acknowledge its responsibilities for maintaining unimpaired sight distances;

h.  In failing to provide unimpaired "sight triangles." A driver approaching this crossing within the speed limit should be provided unimpaired visibility to allow observation of a train simultaneously approaching the crossing. The unimpaired view must be sufficient for the driver to see the train, react and stop short of the crossing. To the extent visibility obstructions at this crossing were off the railroad right of way Defendant Railroad should have exercised reasonable care to work with adjoining landowners and the local road authority to provide a reasonably safe crossing. This was not done. Accordingly, Defendant Railroad and the local road authority breached their duty to provide a reasonably safe crossing.

22.   Defendant Railroad knows that safety hazards caused by visibility obstructions are common and widespread, but has chosen to ignore these safety hazards. Instead of correcting the safety hazards, Defendant Railroad has intentionally misrepresented the extent of the problem and refused to acknowledge its own responsibilities for maintaining unimpaired sight distances. As a result, its employees are aware that the railroad does not want them to report safety hazards caused by visibility obstructions. It is the routine practice of Defendant Railroad to condone its employee's failure to report safety hazards caused by visibility obstructions at grade crossings.



## Train Operations

23.     The Collision described in this Petition is a direct and proximate result of

the negligence of the Defendant Railroad, Portillo, and Ruiz de Esparza:

   a.  In failing to keep a proper lookout prior to the Collision;

   b.  In ignoring the hazardous conditions at the Taylor Ranch Crossing and
       Defendant Railroad's dissuasion of documenting those conditions;

   c.  In failing to travel at a speed that is not in excess of the track speed limit, train
       speed limits, car speed restrictions, locomotive speed restrictions and/or other
       speed limitations at the time of the Collision;

   d.  It is believed that discovery will establish violation of speed restrictions
       contained in 49 C.F.R. §213, §234, and §229, other similar federal
       regulations, the General Code of Operating Rules, or other rules of Defendant
       Railroad;

   e.  In failing to slow or stop the train to avoid "a specific, individual hazard" at
       the Taylor Ranch Crossing prior to the Collision and/or failing to approach the
       Taylor Ranch Crossing prepared to stop due to "an essentially local safety
       hazard;"

   f.  In failing to recognize essentially local safety hazards generally and that the
       conditions readily apparent at the Taylor Ranch Crossing created "an
       essentially local safety hazard;"

   g.  In failing to instruct train crews and other employees how to identify
       essentially local safety hazards, failing to take any reasonable steps to reduce
       essentially local safety hazards, and failing to warn of their existence;

   h.  In failing to instruct its train crews on the appropriate circumstances under
       which they should be prepared to brake, slow, or stop the train for safety
       hazards at railroad crossings;[1]

   i.  By condoning its employees' failures to modify train operations to account for
       hazards at railroad crossings and by adopting a routine practice of ignoring
       hazards to the motoring public;

---

[1] Plaintiffs are not making any claim for excessive speed based on "a specific individual hazard" or an
essentially local safety hazard." The claims based on "a specific individual hazard" and "an essentially
local safety hazard" should not be interpreted as anything but the failure to, or the failure to be prepared to,
slow the train, apply the brakes, or stop the train.

j.   In failing to instruct its crew to immediately apply the emergency brakes and sound the emergency horn sequence when a specific, individual hazard is recognized;

24.     Defendant Railroad has also condoned its employees' failure to modify train operations to account for hazards at railroad crossings and has adopted a routine practice of ignoring hazards to the motoring public. This intentional indifference to the safety of Plaintiff and the motoring public was one of the contributing factors that caused this accident.

### Failure to Inspect and Repair Unsafe Crossing

25.     The Collision described in this Petition is a direct and proximate result of the negligence of Defendant Railroad:

a.   In failing to properly inspect and maintain the Taylor Ranch Crossing;

b.   In failing to properly identify, document, report, or repair the hazardous track and crossing conditions described herein;

c.   In routinely ignoring the hazardous conditions posed by the Taylor Ranch Crossing;

d.   In allowing these hazardous conditions to exist in direct violations of the Code of Federal Regulations and Defendant Railroad's rules created pursuant to such regulations.

26.     The hazardous track and crossing conditions described herein were not properly identified, documented, reported nor repaired by Defendant railroad and its employees. Instead these hazardous conditions were allowed to exist as a direct violation of the code of Federal Regulations and the railroads' own rules created pursuant to such regulations.  Defendant railroad knew or should have known that the existence of these hazardous conditions created an unsafe crossing in violation of these rules and regulations.

27.     Many factors have combined to render this crossing unsafe for motorists. Identified below are some, but not all of the factors that have combined to render this crossing unsafe.  This combination of track conditions required remedial action to allow for safe operations over this crossing by motorists and railroad traffic.  If Defendant Railroad would have properly conducted track inspections at this crossing, the hazardous conditions at this crossing would have been identified and remedial action taken long before this accident, thereby preventing this accident.

## Specific Unsafe Crossing Conditions[2]

28.     The driving task for a motorist at this crossing has been made complex by a variety of characteristics.   One of those characteristics are visibility obstructions, discussed above in the section on "Inadequate Visual Warning"; these obstructions create visual impairments and distractions to the attention of a motorist at this crossing, making this crossing more complex.   These visibility obstructions combined with the characteristics listed below to complicate the driving task at this crossing.

29.     The maintenance of the crossing surface and the poor condition of those materials is one of the characteristics of the crossing contributing to the complexity of the driving task.

---

[2] Although there are many problems that are caused by the complex crossing characteristics of this crossing, Plaintiff is not making any claim based upon anything inappropriate concerning the design or construction of the railroad track. The claims that the Taylor Ranch Crossing was not properly maintained should not be interpreted as anything but improper maintenance issues. The problems caused for motorists by the complex characteristics of this crossing are also not affirmative claims for relief. These allegations are included solely to describe the numerous driving tasks that are encountered by a motorist at the Taylor Ranch Crossing. The existence of these challenges to a motorist should not be interpreted as anything but an improper failure to engage in an appropriate evaluation process with the local road authority to determine what traffic control options are available to help reduce the problems caused for motorists by the various characteristics of the Taylor Ranch Crossing.

11

30.     The rough and unstable condition of the crossing surface, resulting from poor maintenance, was one of the characteristics of the crossing contributing to the complexity of the driving task.

31.     The vertical alignment of the crossing approach is one of the characteristics of the crossing contributing to the overall complexity of the crossing. Maintenance activities at the crossing should not be allowed to build up or lower the crossing surface from the same level plane of the intersecting roadway, thereby creating an unacceptable approach grade.   The approaches to this crossing were at an inappropriate incline to the crossing surface thus complicating the driving task for motorists using this crossing.

32.     The presence of a nearby intersecting roadway, US Highway 54 compounds the complexity of the driving task.  The presence of this nearby roadway necessarily divides the attention of an alert motorist and is one of the characteristics of the crossing contributing to the complexity of the driving task.

### Failure to Report Unsafe Conditions

33.     The Collision described in this Petition is a direct and proximate result of the negligence of the Defendant Railroad:

    a.   In failing to correct or accommodate for the hazardous characteristics and conditions at the Taylor Ranch Crossing

    b.   In condoning its employee's failure to report these unsafe crossing conditions and characteristics;

    c.   In failing to require its employees to report unsafe conditions at the Taylor Ranch Crossing, in violation of Defendant Railroad's General Code of Operating Rules and federal regulations which require Defendant Railroad to instruct its employees to comply with its operating rules.

34.     Defendant Railroad has actual or constructive knowledge that all of the above mentioned characteristics and conditions make crossings more complex and more hazardous for motorists.   Instead of correcting or accommodating for these hazardous characteristics and conditions, Defendant Railroad has elected to ignore their existence. As a result, its employees are aware that the railroad does not want them to report hazardous conditions that are known to make crossings like this unsafe. It is the routine practice of Defendant Railroad to condone its employee's failure to report these unsafe crossing characteristics and conditions. Defendant Railroad knew, or should have known, that this failure to report and address unsafe crossing characteristics and conditions, would result in unnecessary loss of life and injuries.

### Signs, Signals and Markings

35.     The conditions and characteristics at the Taylor Ranch Crossing were such that they rendered the crossing "extra-hazardous," "ultra-hazardous," and "unusually dangerous."

36.     The Collision described in this Petition is a direct and proximate result of the negligence of the Defendant Railroad:

 a.  In failing to work with the state and local road authorities to evaluate crossing conditions and characteristics and failing to work jointly with such authorities to maintain a crossing that would allow for reasonably safe passage across the tracks.

 b.  In failing to share necessary information, failing to establish an open line of communication, and failing to engage in any effort to evaluate crossing conditions and characteristics at this Crossing with state and local road authorities.

 c.  In failing to comply with MUTCD standards by installing yield signs at the Crossing.

13

d. In failing to install and/or maintain adequate warning devices at this crossing, including automatic gates with flashing light signals.

e. In failing to take additional measures to protect those using the crossing, including but not limited to installing automatic gates with flashing light signals.

f. In failing to provide warning devices required pursuant to 23 C.F.R. § 646.214(b)(3)(i), including "automatic gates with flashing light signals."

g. In failing to promote the usage of lights and gates or other cost effective active warning devices and in engaging in conduct that has resulted in fewer installations of lights and gates.

h. By refusing to supplement the federal funding of active warning devices with any meaningful safety program.

i. By delaying the installation of lights and gates, engaging in conduct that unnecessarily increases the costs of these proven safety devices, and diverting funds that should have been used to install these devices.

37.    Defendant Railroad knows that lights and gates are affordable, cost effective guarding devices that have proven to be 90% effective.  Despite this knowledge Defendant Railroad has done nothing to promote the usage of lights and gates or other cost effective active warning devices.   Instead, Defendant Railroad has engaged in conduct that has resulted in fewer installations of these proven safety devices at crossings. As a result of Defendant Railroad's conscious decisions, as established above, the Taylor Ranch Crossing did not have lights and gates or other cost effective active warning devices which would have prevented this collision.

## Training, Instruction and Management

38.    The Collision described in this Petition is a direct and proximate result of the negligence of Defendant Railroad:

a. In failing to appropriately instruct, supervise and monitor its employees as required by 49 C.F.R. §§ 217.1 and 218.11;

14

b.  In intentionally instructing its crews and other employees that there is nothing the railroad can do to prevent collisions or reduce risks to the public despite the knowledge that such an assertion is false;

c.  In refusing to implement any system safety program for crossing safety;

d.  In refusing to utilize a systems approach to provide a comprehensive method for addressing safety issues at crossings;

e.   In intentionally choosing to ignore hazards that would be readily identified in a system safety analysis;

f.  In intentionally choosing not to train its personnel to identify and correct unsafe conditions for the purpose of saving money on maintenance and capital improvements.

## **Intentional Disregard for Public Safety**

39.     Defendant Railroad's customs, policies and conduct in all of the aforementioned allegations were willful and wanton, and demonstrated a reckless disregard for the safety of the motoring public. Defendant Railroad has intentionally disregarded legal duties owed to the motoring public.

40.     Defendant Railroad has demonstrated a pattern of conduct by failing to enforce its own policies and procedures as well as federal and state laws providing for the safe operation of trains. This pattern of conduct has condoned and ratified the conduct of its employees and agents to disregard duties owed to the motoring public.

41.     Defendant Railroad has determined that it is cheaper to pay compensatory damages for claims resulting from car train collisions than to properly maintain its crossing, upgrade its crossing, and properly train its employees on issues involving crossing safety. Defendant Railroad's conduct as set forth herein constitutes malice.

## **VII.   DAMAGES AND PRAYER FOR RELIEF**

42.     Plaintiffs demand a trial by jury.



43.    Plaintiffs reserve the right to amend their Petition in this matter, as permitted by applicable Texas law.

44.    That as a direct and proximate result of the aforementioned acts of negligence, negligence per se, gross negligence, recklessness, willfulness, and/or wantonness on the part of Defendants, individually and collectively, Baldomero Barajas's wrongful death beneficiary has experienced mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of the deceased's society, and economic losses.

45.    That as a direct and proximate result of the aforementioned acts of negligence, negligence per se, gross negligence, recklessness, willfulness, and/or wantonness on the part of Defendants, individually and collectively, Baldomero Barajas suffered mental anguish, including but not limited to anticipation of death.

46.    That as a direct and proximate result of the aforementioned acts of negligence, negligence per se, gross negligence, recklessness, willfulness, and/or wantonness on the part of Defendants, individually and collectively, Plaintiff is entitled to punitive damages.

**WHEREFORE**, premises considered, Plaintiff prays that the Court award a judgment, jointly and severally against Defendants, punitive damages, reasonable costs of Court, and all other relief the Court finds just.



16

Respectfully submitted:

/s/ Kevin Glasheen_____
Kevin Glasheen
State Bar No. 08001510
GLASHEEN, VALLES & INDERMAN, L.L.P.
1302 Texas Avenue
P.O. Box 1976
Lubbock, TX 79408
Email: kevin7@glasheenlaw.com
Tel: (806) 741-0284
Fax: (806) 763-2146

And

Robert L. Pottroff
Kansas State Bar No. 10220
POTTROFF LAW OFFICE, P.A.
320 Sunset Avenue
Manhattan, KS 66502
Email: bob@pottroff.com
Tel: (785)539-4656
Fax: (785)539-1750
(Pro Hac Vice Admission Pending)

**ATTORNEYS FOR PLAINTIFF**



A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____ Deputy



17

APR 07 2015

El Paso County - 384th District Court

Filed 3/13/2015 1:29:13 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0852

| | | |
|---|---|---|
| DEBBIE BARAJAS, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED), | § § § § § | |
| PLAINTIFF. | § § | IN THE DISTRICT COURT |
| V. | § § | OF |
| UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA, | § § § § § | EL PASO COUNTY, TEXAS |
| DEFENDANTS. | § § § § | |

## PLAINTIFF'S JURY REQUEST

Upon payment of the required jury fee and upon filing this written request for jury trial, as required by El Paso Local Rule 3.05, request is herein made that the case be placed on the court's jury docket.

Plaintiff herewith pays the required jury fee.

Respectfully submitted:

*/s/ Kevin Glasheen*
Kevin Glasheen
State Bar No. 08001510
GLASHEEN, VALLES & INDERMAN, L.L.P.
1302 Texas Avenue
P.O. Box 1976
Lubbock, TX 79408
Email: kevin7@glasheenlaw.com
Tel: (806) 741-0284
Fax: (806) 763-2146

And

Robert L. Pottroff
Kansas State Bar No. 10220



*Debbie Barajas v. Union Pacific Railroad Company, et al*
Plaintiff's Jury Request

POTTROFF LAW OFFICE, P.A.
320 Sunset Avenue
Manhattan, KS 66502
Email:  bob@pottroff.com
Tel: (785)539-4656
Fax: (785)539-1750
(Pro Hac Vice Admission Pending)

**ATTORNEYS FOR PLAINTIFF**

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk

By _____
                         Deputy



APR 0 7 2015

El Paso County - 384th District Court

Filed 3/16/2015 2:16:21 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0852

CAUSE NO. _____

| | | |
|---|---|---|
| DEBBIE BARAJAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED), | § § § § § | |
| PLAINTIFF. | § § | IN THE DISTRICT COURT |
| V. | § § | OF |
| UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA, | § § § § | EL PASO COUNTY, TEXAS |
| DEFENDANTS. | § § § § | |

## PLAINTIFFS' COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION CONCERNING RECORDING DEVICES TO DEFENDANT UNION PACIFIC RAILROAD COMPANY

YOU ARE HEREBY notified that the above-named defendant is requested, pursuant to the Texas Rules of Civil Procedure: that within fifty (50) days after service hereof, the following interrogatories are to be answered by you separately and fully, in writing and under oath, within fifty (50) days after service of process.

Definitions and Instructions for Discovery have previously been provided to assist you in responding properly.

### INTERROGATORIES

### INTERROGATORY # 1

Was any locomotive in the train that was involved in this accident equipped with a video recording device that recorded video images and other data leading up to the time of the accident? If yes, will Defendant voluntarily produce a copy of all the video and other data downloaded from the video recording device after the accident along with any software necessary to analyze the video and data?

1

**ANSWER:**



**INTERROGATORY # 2**

Was any locomotive in the train that was involved in this accident equipped with a locomotive data event recorder?  If yes, will Defendant voluntarily produce a copy of all data downloaded from all locomotive event recorders after the accident along with any software necessary to analyze such data?

**ANSWER:**



## INTERROGATORY # 3

Were any other event recording devices downloaded following the accident such as crossing signal system event recorders, hot box detectors, AEI readers or other wayside event recorders? If yes, will Defendant voluntarily produce a copy of all data downloaded from these event recorders after the accident along with any software necessary to analyze such data?

## ANSWER:

4



**INTERROGATORY # 4**

Please provide the dates that any geometry cars passed over the accident crossing and identify where the electronic data from the geometry car evaluations and videos are stored, including the custodian of these records (i.e., the person in charge of the database). You only need to list those records and videos that are currently available.

**ANSWER:**



**INTERROGATORY # 5**

Were any railroad recordings made that contain communications to or from the train crew from the time they went on duty prior to the accident until such time as they were released from duty following the accident, communications about this accident until such time as the railroad's accident investigation was completed, and/or communications about this crossing?  This would include recordings by dispatch center, risk management, police communication records, signal desk, maintenance of way desk, and any other railroad department that records communications.  If yes, please produce all such recordings or provide a privilege log that identifies, with particularity, the existence of recordings that you are unwilling or unable to produce.

**ANSWER:**



6

## REQUESTS FOR PRODUCTION

YOU ARE HEREBY notified that the above-named defendants are requested, pursuant to the Texas Rules of Civil Procedure: that within fifty (50) days after service hereof, to produce and permit counsel for Plaintiff to inspect and copy the documents requested herein.

Definitions and Instructions for Discovery have previously been provided to assist you in responding properly.

### REQUEST # 1:

Please produce a complete copy of all video(s) and other data downloaded after the accident from any video recording device on any locomotive in the train that was involved in this accident, along with any software necessary to analyze the video and data.

### ANSWER:

7



**REQUEST # 2:**

Please produce a complete copy of all data downloaded after the accident from any locomotive data event recorder on any locomotive in the train that was involved in this accident, along with any software necessary to analyze such data.

**ANSWER:**



**REQUEST # 3:**

Please produce a complete copy of all data downloaded after the accident from any other event recording devices downloaded following the accident such as crossing signal system event recorders, hot box detectors, AEI readers or other wayside event recorders, along with any software necessary to analyze such data.

**ANSWER:**



**REQUEST # 4:**

Please produce the list, index or other readout of geometry car evaluations and geometry car videos available for the subdivision where this accident happened.  You need only provide a readout of the videos and evaluations that are currently available.

**ANSWER:**



**REQUEST # 5:**

Please produce the ten most recent geometry car videos over this crossing, to include at least 10 miles in each direction from the crossing, and data from the evaluations conducted nearest in time before and after the accident for at least two miles in each direction from the crossing.

**ANSWER:**



**REQUEST # 6:**

Please produce the current video used for dispatcher training on the subdivision where this accident happened and any such video that was used within two years prior to this accident.

**ANSWER:**



**REQUEST # 7:**

Please produce any and all railroad recordings that contain communications to or from the train crew from the time they went on duty prior to the accident until such time as they were released from duty following the accident, communications about this accident until such time as the railroad's accident investigation was completed, and/or communications about this crossing. This would include recordings made by dispatch center, risk management, police communication records, signal desk, maintenance of way desk, and recordings from any other railroad department that records communications.

**ANSWER:**



**REQUEST # 8:**

Please produce all photographs, videotapes or films that include the crossing such as aerial photographs, "full-frame" prints and copies of the negatives of all photographs, as well as all mounting sheets and/or photo logs that describe the photographs in Defendant's possession relating to the subject accident.

**ANSWER:**



**REQUEST # 9:**

Please produce cell phone records for the day of the incident for each member of the train crew involved in this incident

**ANSWER:**

Respectfully submitted:

/s/ Kevin Glasheen
Kevin Glasheen
State Bar No. 08001510
GLASHEEN, VALLES & INDERMAN, L.L.P.
1302 Texas Avenue
P.O. Box 1976
Lubbock, TX 79408
Email: kevin7@glasheenlaw.com
Tel: (806) 741-0284
Fax: (806) 763-2146

And

Robert L. Pottroff
Kansas State Bar No. 10220
POTTROFF LAW OFFICE, P.A.
320 Sunset Avenue
Manhattan, KS 66502
Email: bob@pottroff.com
Tel: (785)539-4656
Fax: (785)539-1750
(Pro Hac Vice Admission Pending)

**ATTORNEYS FOR PLAINTIFF**


A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____
Deputy


DISTRICT COURTS · EL PASO COUNTY, TEXAS

15

APR 0 7 2015

CAUSE NO. _____

| | |
|---|---|
| DEBBIE BARAJAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BALDOMERO BARAJAS (DECEASED), | § § § § § |
| PLAINTIFF. | § IN THE DISTRICT COURT § |
| V. | § OF § |
| UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA, | § EL PASO COUNTY, TEXAS § § § |
| DEFENDANTS. | § § § |

## DEFINITIONS AND INSTRUCTIONS FOR DISCOVERY

TO:     Defendant, Union Pacific Railroad Company

These Definitions and Instructions for Discovery are to instruct you as to the definition and meaning of certain words and phrases in discovery propounded to you by Plaintiff and provide guidance to assist you in your responses. You are invited to seek clarification or offer suggestions on how to improve these definitions and instructions. The goal is to make the fact finding portion more efficient and cooperative.

## DEFINITIONS

**The accident, this accident, or our accident:** Any reference to "the accident," "our accident," or "this accident" refers to the accident which occurred on March 15, 2013, at the intersection of US Highway 54 and Taylor Ranch Road in Alamogordo, New Mexico and gave rise to this civil action.

1

**The Taylor Ranch Crossing, the accident crossing or our crossing:** Any reference to the "Taylor Ranch Crossing, "the crossing," the "subject crossing," the "accident crossing," "our crossing" or "this crossing" refers to the railroad-highway grade crossing at the intersection of Taylor Ranch Road and the Union Pacific Railroad tracks in Alamogordo, New Mexico, more particularly identified as US DOT #741904N. This is the railroad-highway grade crossing where "the accident" occurred.

## INSTRUCTIONS

**Documents / Documentation / Records:** References to any and/or all "documents," "documentation," or "records" should be interpreted in their broadest sense as any representation of information. These are intended to include paper, electronic, digital, magnetic, computer, analog, or any other method of keeping information. All non-identical copies of the same information should be considered different "documents" and/or "records." Likewise, copies of the same information on different mediums [i.e., a taped statement and typed transcript of the same statement] should be considered different. All different "documents" and/or "records" and each should be included in your responses.

**Identification of Documents:** When you are requested to "identify" or provide the "identification" of documents, documentation or records you should provide a detailed description that would make identification of the document by a third party possible. The description should include as much information as possible.  To the extent possible that would include the title, the medium on which the information is kept, [i.e. videotape, written, etc], the subject matter, the date, the creator or author, the current location and current custodian. You may produce any documents in lieu of providing a description.



2

**Identification of Persons or Organizations:** When you are requested to "identify" or provide the "identification" of a person you should provide their full name, all known addresses [work, home, email, web page or other addresses], all known phone numbers [work, home, cell, fax, or other], all employers and any other contact information available to you. When you are requested to "identify" or provide the "identification" of an organization, please provide the complete name, all known addresses for the organization, all known phone numbers, and the identity of any persons that are your contact persons at the organization.

**Time Periods for Requested Information:** We have not artificially limited the time frame within which your discovery responses should be limited. We are only seeking information for a "reasonable" period of time. We believe it is reasonable to request any information or documents that are readily available. To the extent that you believe responding to any interrogatory or request for production would be overly burdensome unless limited in time, you may state what you believe to be a "reasonable" period of time and limit your response to that time frame. If you do limit your response, please explain why and include the identity of a witness who can substantiate the reason an unlimited response would be overly burdensome.

**Interpreting Request as Relevant:** Sometimes you may interpret an inquiry or request as overly broad in scope. That is not the intent of any request or inquiry. The petition in this case has been drafted with the intent of identifying issues that need to be resolved by the parties. If you can interpret any request or inquiry in such a manner as to make it relevant to issues identified in the petition, please do so. If you feel the need to limit any request or inquiry to fit your definition of "reasonable," please do so. If you do wish to limit any response to what you think is "reasonable," we only ask that you include the limitation you are imposing as part of your response. Yo

3

response should include an explanation as to only the limitation is necessary and the identity for a

witness who can substantiate that explanation.

Respectfully submitted,

*s/ Kevin Glasheen*
Kevin Glasheen
State Bar No. 08001510
GLASHEEN, VALLES & INDERMAN, L.L.P.
1302 Texas Avenue
P.O. Box 1976
Lubbock, TX 79408
Email: kevin7@glasheenlaw.com
Tel: (806) 741-0284
Fax: (806) 763-2146

And

Robert L. Pottroff
Kansas State Bar No. 10220
POTTROFF LAW OFFICE, P.A.
320 Sunset Avenue
Manhattan, KS 66502
Email: bob@pottroff.com
Tel: (785)539-4656
Fax: (785)539-1750
(Pro Hac Vice Admission Pending)

**ATTORNEYS FOR PLAINTIFF**



A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____
                                    Deputy



4

APR 0 7 2015

El Paso County - 384th District Court

Filed 3/25/2015 4:38:40 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV0852

CAUSE NO. 2015DCV0852

|  |  |  |
|---|---|---|
| DEBBIE BARAJAS, INDIVIDUALLY AND AS THE SURVIVOR AND WIFE OF BALDOMERO BARAJAS (DECEASED), | § § § § § | |
| PLAINTIFF. | § § | IN THE DISTRICT COURT |
| v. | § § | OF |
| UNION PACIFIC RAILROAD COMPANY, FRANCISCO PORTILLO, AND RAFAEL RUIZ DE ESPARZA, | § § § § | EL PASO COUNTY, TEXAS |
| DEFENDANTS. | § § § § | |

## REQUESTS FOR ADMISSIONS REGARDING FEDERAL FUNDING

Come now Plaintiffs, by and through their attorney of record and request that Defendant Union Pacific Railroad Company provide the following information within the time and in the manner prescribed by the Texas Rules of Civil Procedure.

**REQUEST NO. 1:**          Do you admit that you have no evidence to show that any "diagnostic team" [as the term "diagnostic team" is used in 23 CFR 646.214] ever visited the crossing prior to the accident in this case?

ADMIT:_____          DENY:_____

**REQUEST NO.2:**          Do you admit that Defendant Railroad never participated in a "diagnostic team" [as the term "diagnostic team" is used in 23 CFR 646.214] that evaluated the adequacy of the warning devices at the crossing prior to the accident in this case?

ADMIT:_____          DENY:_____

1

**REQUEST NO. 3:**          Do you admit that you have no evidence concerning the daily worksheets, log books, inspection records or other such documents that confirm the installation of federally funded crossbucks at the subject crossing prior to the accident in this case?

ADMIT:_____          DENY: _____

**REQUEST NO. 4:**          Do you admit that you have no evidence identifying any individual(s) who installed any federally funded crossbucks at the subject crossing prior to the accident in this case?

ADMIT:_____          DENY: _____

**REQUEST NO. 5:**          Do you admit that you have no evidence to show that the state has ever participated in a "diagnostic team" [as the term "diagnostic team" is used in 23 CFR 646.214] that evaluated the adequacy of the warning devices at the crossing in this case before the accident?

ADMIT:_____          DENY: _____

**REQUEST NO. 6:**          Do you admit that you have no evidence of a bid announcement for any project that specifically includes the installation of any warning devices at the subject crossing before the accident?

ADMIT:_____          DENY: _____

**REQUEST NO. 7:**          Do you admit that you have no evidence to show that any "diagnostic team" [as the term "diagnostic team" is used in 23 CFR 646.214] ever visited the crossing in this case prior to the accident?

ADMIT:_____          DENY: _____

**REQUEST NO. 8:**          Do you admit that you have no evidence as to any specific date that the federally funded crossbucks were installed at the subject crossing prior to this accident?

ADMIT:_____          DENY: _____



**REQUEST NO. 9:**       Do you admit you have no evidence showing final approval by the FHWA of any federally funded warning devices installed at this crossing prior to the accident?

**ADMIT:**_____          **DENY:** _____

**REQUEST NO. 10:**       Do you admit that you have no evidence of any federal funds authorized by 23 U.S.C. 130 participating in the installation of the warning devices at the subject crossing prior to the accident?

**ADMIT:**_____          **DENY:** _____

**REQUEST NO. 11:**       Do you admit that you have no evidence of a determination by the state or any railroad that the conditions specified in 23 CFR 646.214 (b)(3) were not present at the time of any federally funded warning devices were installed at the subject crossing prior to the accident?

**ADMIT:**_____          **DENY:** _____

3



<u>**REQUEST FOR PRODUCTION**</u>

YOU ARE HEREBY notified that the above-named defendants are requested, pursuant to the Texas Rules of Civil Procedure: that within fifty (50) days after service hereof, to produce and permit counsel for Plaintiff to inspect and copy the documents requested herein.

Definitions and Instructions for Discovery have previously been provided to assist you in responding properly.

**REQUEST TO PRODUCE #10:**

If you deny any of the REQUESTS FOR ADMISSIONS REGARDING FEDERAL FUNDING served herewith, then for each request so denied, please produce every document that supports your denial.

**ANSWER:**

4



## INTERROGATORIES

YOU ARE HEREBY notified that the above-named defendants are requested, pursuant to the Texas Rules of Civil Procedure: that within fifty (50) days after service hereof, the following interrogatories are to be answered by you separately and fully, in writing and under oath.

Definitions and Instructions for Discovery have previously been provided to assist you in responding properly.

**INTERROGATORY #6:**

If you deny any of the REQUESTS FOR ADMISSIONS REGARDING FEDERAL FUNDING served herewith, then for each request so denied please identify, with particularity, that portion of each document that supports your denial.

**ANSWER:**

**INTERROGATORY #7:**

If you deny any of the REQUESTS FOR ADMISSIONS REGARDING FEDERAL FUNDING served herewith, then for each request so denied, please identify all witnesses that are competent to testify about any facts that support your denial. For each witness, provide the substance of their knowledge and contact information

**ANSWER:**

Respectfully submitted,

*/s/ Kevin Glasheen*
Kevin Glasheen
State Bar No. 08001510
GLASHEEN, VALLES & INDERMAN, L.L.P.
1302 Texas Avenue
P.O. Box 1976



A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By_____
Deputy

APR 0 7 2015

Lubbock, TX 79408
Email: kevin7@glasheenlaw.com
Tel: (806)741-0284
Fax: (806)763-2146

Attorneys for Plaintiff



6