IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DEBBIE BARAJAS, Individually and as the
Representative of the Estate of
BALDOMERO BARAJAS, Deceased,**

      **Plaintiff/Counter Defendant,**

v.	No. CIV-15-0350 KG/LAM

**UNION PACIFIC RAILROAD COMPANY,**

      **Defendant/Counter Claimant.**

## ORDER DENYING DEFENDANT'S REQUEST FOR AN IN-PERSON RULE 16 SCHEDULING CONFERENCE

**THIS MATTER** is before the Court on Defendant's request for an in person Rule 16 scheduling conference, set forth in the parties' Joint Status Report [*Doc. 42*], filed September 8, 2015. Having considered the parties' statements in their Joint Status Report [*Doc. 42*], the record of this case, and relevant law, the Court **FINDS** that the request is not well-taken and shall be **DENIED**.

In the parties' Joint Status Report, Defendant asks the Court to set an in-person Rule 16 scheduling conference in order to play for the Court a video recording of the incident at issue in this case, "and to make argument to the Court based on the irrefutable video and photographic evidence why discovery in this case under the Court's Scheduling Order should be limited in scope and time and highly expedited based on the proportional needs of the parties in light of the video evidence." [*Doc. 42* at 19]. While Plaintiff does not oppose Defendant's request for an in-person Rule 16 scheduling conference (*see id.* at 16), the Court finds that Defendant's request shall be denied.

The purpose of a Rule 16 scheduling conference is not to determine the scope of discovery; instead, the scope of discovery is set forth in Rule 26(b)(1), which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Defendant contends that the Court should consider "the proportional needs of the case" in determining the scope of discovery, based on the upcoming addition of that language to Rule 26(b)(1) on December 1, 2015 (*see Doc. 42* at 17), and contends that "[d]espite the undisputed video and photographic evidence in this case, Plaintiff continues to plead claims in this case and seek broad discovery on such issues as the condition of the crossing, the absence of active warning devices, the failure to provide an audible warning, vegetation and related claims" (*id.* at 18). Defendant's request is akin to asking the Court to make findings limiting the claims of this case based on the video it wants to play for the Court. This request is both premature and not properly raised in a motion before the Court, and any such motion would be before the presiding judge in this case, not the undersigned, because it would be dispositive as to some or all of the claims of the case. If the parties' future discovery requests result in a dispute regarding the scope of discovery, then such issues are ordinarily resolved pursuant to a fully briefed motion to compel or motion for protective order.

The Court notes that the parties agree in their Joint Status Report that discovery in this case will be needed regarding the issues of "liability, causation, and damages (if any)." *Id.* at 14. While the parties dispute the number of depositions that should be allowed, with Plaintiff requesting up to fifteen (15) depositions per side and Defendant requesting up to five (5) depositions per side (*id.* at 16), the Court will address this dispute at the telephonic Rule 16 scheduling conference. The Court's decision will be based on the scope of discovery as set forth in the current version of Rule 26(b)(1) since the change in language will not be in effect until

December 1, 2015, and upon consideration of the current claims and defenses in this case which are set forth in the parties' pleadings.  In addition, while Defendant asks the Court to allow it to play the video to demonstrate why discovery in this case should be "highly expedited," the Court notes that the agreed-upon deadlines for the close of discovery presented by the parties in their Joint Status Report are January 7, 2016 for fact discovery, and March 1, 2016 for expert discovery (*id.* at 15), which are already expedited discovery deadlines as compared to the deadlines the Court sets in most cases.  Again, if Defendant wishes to limit the scope of discovery in this case, it can do so through motion practice.  For these reasons, the Court finds that Defendant has failed to establish a need for the Court to review the video and photographic evidence of the incident at issue, the Court will deny Defendant's request to hold the Rule 16 scheduling conference in person, and will reset the scheduling conference to be held telephonically, as is done in all other Rule 16 scheduling conferences.

    **IT IS THEREFORE ORDERED** that Defendant's request for an in-person Rule 16 scheduling conference is **DENIED**.

    **IT IS SO ORDERED.**

*Lourdes a. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**